Green, J.
delivered the opinion of the court.
The bill alledges that complainant sold to defendant- a tract of land in Franklin county, of sixteen and a half acres,'for one hundred and seventy five dollars, and that he executed a bond to the defendant, conditioned to make him a title when the purchase money should be paid; that seventy five dollars of said sum, has been paid, and a judgment has been obtained for the sum remaining unpaid, before a justice of tire peace, and execution has been issued thereon and returned nulla bona. The *585 bill prays for a decree for the sale of said land, in satisfaction of complainants’judgment.
The answer admits the facts above set forth to be true, but states that one Gross, has a good title to two acres of said land, and that after the judgment aforesaid had been rendered against him, the complainant and himself made a verbal agreement -to rescind said contract, and to submit to the arbitrament and award, of Thomas H. Garner and Michael Williams, the terms upon which the recission should take place, and that the arbitrators decided that complainant should refund to defendant the seventy five dollars he had paid and ten dollars for improvements.
The evidence of the arbitrators, supports the statements of the answer, as to the verbal rescission of the contract and their award in the case.
This bill is in the nature of a bill for a specific performance. It seeks the aid of this court to affirm the contract of sale to the defendant, to divest him of his equitable interest therein, and order a sale of the land for the satisfaction of the judgment for the unpaid purchase money. It is well settled that a parol rescission of a written contract may be set up in opposition to a bill for a specific performance. 1 Mad. Ch. 323. Walker vs. Wheatley, 2 Hump. R. 119.
The present case must depend upon the same principle. The aid of this court is invoked, upon the ground of a subsisting written contract for the sale of the land. But the answer and proof show, that this contract has been rescinded by a verbal agreement of the parties. Although this agreement is not such an one as that a court of equity could enforce, were a bill brought by the defendant for that purpose, yet, it would be inequitable to afford the relief this bill seeks in opposition thereto.
The parties must be left to their remedies at law; affirm the decree.